IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

**JESUS OROSCO, Individually and on**                              **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                             No. 4:18-cv-37

**MAEFIELD DEVELOPMENT CORPORATION**                **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jesus Orosco, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Maefield Development Corporation ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Jesus Orosco, individually and on behalf of all other lease operators employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other lease operators a lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Pecos Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Defendant conducts business in this District and a substantial part of the events alleged herein occurred in this District.

7. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.  THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Jesus Orosco is a resident and citizen of Pecos County.

10. At all relevant times hereto, Plaintiff was misclassified as exempt from overtime compensation and was paid a salary.

11. Plaintiff was employed as a lease operator for Defendant from approximately April of 2018 to August of 2018.

12. Defendant is an Indiana for-profit corporation doing business in Texas, providing products and services in the oil and gas industry.

13. Defendant may be served through its registered agent for service of process Mark A. Siffen, 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

14. Defendant's annualized gross volume of sales made or business done is not less than $500,000.00.

15. Defendant employs individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

16. Within the past (3) years preceding the filing of this Complaint, Defendant continuously employed at lease four employees, including Plaintiff.

## IV.   FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

18. Plaintiff was employed as a lease operator for Defendant within the last three years.

19. During Plaintiff's employment, Plaintiff was responsible for checking and maintaining production numbers for Defendant's oil, water and gas facilities.

20. Plaintiff worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendant.

21. During Plaintiff's employment as a lease operator Defendant paid all such employees a salary.

22. Defendant violated the FLSA by failing to pay Plaintiff and similarly situated lease operators overtime premiums for all hours worked in excess of forty (40) per week.

23. Plaintiff and other lease operators were not required to have education or experience in a related field.

24. Defendant's lease operators, including Plaintiff, were classic blue-collar workers, spending their physical, demanding long shifts outdoors in the elements, and not in an office.

25. Defendant's lease operators, including Plaintiff, did not supervise other employees.

26. During the course of their employment, Plaintiff and other lease operators did not manage the enterprise or a customarily recognized subdivision of the enterprise.

27. Plaintiff and other lease operators did not select any employees for hire nor did they provide any formal training for any employee. Plaintiff and other lease operators had no ability to hire and fire any employee.

28. Plaintiff and other lease operators did not have any control of or authority over any employee's rate of pay or working hours.

29. Plaintiff and other lease operators did not maintain or prepare production reports or sales records for use in supervision or control of the business.

30. Similarly, Plaintiff and other lease operators did not have any responsibility for planning or controlling budgets.

31. Plaintiff, other lease operators and Defendant had no agreement that their salary would be the entirety of their pay, nor did they agree that their salary was intended to cover all hours worked.

32. Plaintiff and other lease operators did not receive overtime premiums for hours worked in excess of forty (40) hours in a single workweek.

33. Plaintiff and other lease operators regularly worked more than forty (40) hours in almost all workweeks during which they were employed by Defendant.

34. Plaintiff and lease operators were and are entitled to one-and-one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a week.

35. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other lease operators violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

37. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

38. Plaintiff brings his FLSA claim on behalf of all other lease operators who have been employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked in excess of forty (40) hours in a workweek; and

B. Liquidated damages; and

C. Attorney's fees and cost.

39. The relevant time dates back three (3) years from the date on which Plaintiff's Original Complaint – Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

   A. Defendant's uniform misclassification of lease operators as exempt employees under the FLSA;

   B. Defendant's failure to pay members of the collective overtime compensation in violation of the FLSA, 29 U.S.C. § 201, et seq.;

   C. They recorded their time in the same manner; and

   D. They were subject to Defendant's common policy of being paid a salary with no overtime pay for hours worked over forty (40) per workweek.

41. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 30 persons.

42. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claims.

## VI.   FIRST CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

43. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

44. Plaintiff brings this collective action on behalf of all similarly situated persons who were or are employed by Defendant as a lease operator at any time within the applicable statute of limitations period and were not paid overtime premiums for all hours worked in excess of forty (40) per week.

45. Plaintiff brings this action on behalf of himself and all other similarly situated employees who worked as a lease operator, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

46. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

47. Plaintiff and all other similarly situated lease operators were classified as exempt employees and thus did not receive an overtime premium for all hours worked in excess of forty (40) hours per week.

48. Plaintiff and other lease operators regularly worked more than forty (40) hours per week.

49. Defendant failed to pay these workers overtime. Instead, Defendant paid (and pays) Plaintiff and all similarly situated employees a salary.

50. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

**All salaried lease operators within the past three years**

51. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including attorney's fees, for all violations that occurred in the three years prior to the filing of this Complaint.

53. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the members of the collective as provided by the FLSA, Plaintiff and the members of the collective is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

54. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

55. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

56. Defendant violated the overtime provisions of the FLSA by failing to pay Plaintiff overtime premiums for all hours worked in excess of forty (40) per week.

57. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

58. Additionally, Plaintiff is entitled to an amount equal to his unpaid wages as liquidated damages, as well as reasonable attorney's fees and the costs of this action.

59. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jesus Orosco, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 et seq.*;*

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, the class of all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 et seq.;

F. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

G. An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

  H. Such other and further relief as this Court may deem necessary, just and proper.

            Respectfully submitted,

            **PLAINTIFF JESUS OROSCO,**
            **Individually and on behalf of**
            **Others Similarly Situated**

            SANFORD LAW FIRM, PLLC
            One Financial Center
            650 South Shackleford Road, Suite 411
            Little Rock, Arkansas 72211
            Telephone:  (501) 221-0088
            Facsimile: (888) 787-2040

            */s/ Josh Sanford*
            Josh Sanford
            Tex. Bar No. 24077858
            josh@sanfordlawfirm.com